**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE: YASMIN AND YAZ (DROSPIRENONE) ) | 3:09-md-02100-DRH-PMF |
| MARKETING, SALES PRACTICES AND PRODUCTS ) | |
| LIABILITY LITIGATION ) | MDL No. 2100 |
| ) | |

**This Document Relates to:**

**ALL CASES**

**ORDER # 60**
**CASE MANAGEMENT**
**(Settlement Agreement and Deadlines – Gallbladder Injuries)**

This Court is advised that Bayer HealthCare Pharmaceuticals Inc. ("BHCP") and a committee of plaintiffs' counsel appointed by this Court in cooperation with the state court Judges in the Pennsylvania, New Jersey and California coordinated proceedings ("Negotiating Plaintiffs Counsel" or "NPC") have negotiated a Settlement Agreement ("Agreement") to resolve claims involving gallbladder injuries. The Agreement is attached as Exhibit A to this Order. The Agreement establishes a program (the "Gallbladder Resolution Program" or "Program") for the settlement of cases filed in this MDL No. 2100, cases pending in other federal courts but not yet transferred into MDL No. 2100 ("Other Federal Court Cases"), and cases filed in the California Coordinated Proceedings, the New Jersey Coordinated Proceedings, the Philadelphia Court of Common Pleas Coordinated Proceedings as well as any other state courts ("State Cases"), in which plaintiff(s) alleges gallbladder disease and/or gallbladder injuries resulting from the use of drospirenone-containing oral contraceptives manufactured by Bayer or manufactured or marketed by BarrTeva, as defined in the Agreement ("Gallbladder Plaintiffs").

I.  **AUTHORITY OF COURT TO OVERSEE SETTLEMENT**

This Court has authority to preside over and manage various aspects of the Agreement and the Gallbladder Resolution Program, including, but not limited to, the entry of Orders establishing time frames for the completion of acts defined in the Agreement. Fed. R. Civ. P. 16(a)(5), (d); *In re Vioxx Prods. Liab. Litig.*, 650 F. Supp. 2d 549 (E.D. La. 2009); *In re Propulsid Prods. Liab. Litig.*, 2004 WL 305816 (E.D. La. 2004). The instructions herein are to be construed as the orders of this Court.

II. **MDL CASES**

All Gallbladder Plaintiffs with cases pending in MDL No. 2100 ("MDL Gallbladder Plaintiffs") that have been filed and served on Defendants as of the "Filing Deadline," set forth in this Order, shall be given notice of this Order and of the Agreement executed by BHCP and the NPC. The Clerk of Court is hereby directed to file this Order in each individual case pending in this MDL (in addition to filing the Order on the general docket for this MDL applicable to all cases).

For ease of administration of the Gallbladder Resolution Program and so that no Gallbladder Plaintiff is inadvertently excluded from the Settlement Program, **all MDL Gallbladder Plaintiffs, other than those alleging a venous or arterial thromboembolism in addition to a gallbladder injury or disease, are automatically enrolled in, and bound by the terms of, the Gallbladder Resolution Program unless such Plaintiff submits a "Notice of Intent to Opt Out Form," attached as Exhibit B (Appendix B-1) to this Order and available at http://www.ilsd.uscourts.gov/mdl/mdl2100.aspx, by the "Opt-Out Deadline" set forth in this Order (and as may be extended as applicable under the terms of the Agreement). MDL Gallbladder Plaintiffs who do not timely submit a "Notice of Intent to Opt Out Form" shall submit a complete Claim Package, as detailed in the Agreement, by the Claim**

**Package Deadline, extended as may be appropriate to the Cure Deadline, both set forth in this Order, to be eligible for an award under the Gallbladder Resolution Program.**

The claims of MDL Gallbladder Plaintiffs, other than MDL Gallbladder Plaintiffs alleging a venous or arterial thromboembolism in addition to a gallbladder injury or disease, who do not submit a "Notice of Intent to Opt Out Form" and who do not timely submit a complete Claim Package will not be eligible to receive any compensation under the Program and will be subject to a motion by Defendant for dismissal with prejudice following the Cure Deadline as set forth in the Agreement.

MDL Gallbladder Plaintiffs who allege venous or arterial thromboembolism in addition to a gallbladder injury or disease are permitted to enroll in, and be bound by the terms of, the Gallbladder Resolution Program but these plaintiffs are not automatically enrolled in the Program and must take <u>affirmative action</u> to participate by submitting a "Notice of Intent to Opt In Form," attached as Exhibit C (Appendix B-2) to this Order and available at http://www.ilsd.uscourts.gov/mdl/mdl2100.aspx, by the "Opt-In Deadline" set forth in this Order (and extended as applicable under the terms of the Agreement). Under the terms of the Agreement, by enrolling in the Program, any plaintiff will be required to submit a completed Claims Package, as detailed in the Agreement, to be eligible for an award under the Gallbladder Resolution Program, which will include a Release, releasing all claims against the defendants, including their claims alleging an arterial or venous thromboembolism injury.

### III.    OTHER FEDERAL COURT CASES AND STATE CASES

Gallbladder Plaintiffs with claims pending in Other Federal Court Cases ("Other Federal Court Gallbladder Plaintiffs"), as well as Gallbladder Plaintiffs with claims pending in State Cases ("State Court Gallbladder Plaintiffs"), are permitted to enroll in, and be bound by the terms of, the Gallbladder Resolution Program. Other Federal Court Gallbladder Plaintiffs and

State Court Gallbladder Plaintiffs are not automatically enrolled in the Gallbladder Resolution Program, but rather must take affirmative action to participate. Other Federal Court Gallbladder Plaintiffs and State Court Gallbladder Plaintiffs who intend to participate in the Gallbladder Resolution Program must submit a "Notice of Intent to Opt In Form," attached as Exhibit C (Appendix B-2) to this Order and available at http://www.ilsd.uscourts.gov/mdl/mdl2100.aspx, by the "Opt-In Deadline" set forth in this Order (and extended as applicable under the terms of the Agreement). Other Federal Court Gallbladder Plaintiffs and State Court Gallbladder Plaintiffs who submit a "Notice of Intent to Opt In Form" shall submit a complete Claim Package, as detailed in the Agreement, by the Claim Package Deadline, extended as appropriate to the Cure Deadline, to be eligible for an award under the Gallbladder Resolution Program.

The claims of Other Federal Court Gallbladder Plaintiffs and State Court Gallbladder Plaintiffs who submit a "Notice of Intent to Opt In Form," but who do not timely submit a complete Claim Package, will not be eligible to receive any compensation under the Program and will be subject to a motion by Defendant for dismissal with prejudice following the Cure Deadline as set forth in the Agreement. State Court judges shall retain jurisdiction over State Cases, and exclusive jurisdiction over the termination of Plaintiff rights to sue Defendants in those cases.

## IV.   SETTLEMENT PROGRAM DEADLINES

| | |
|---|---|
| **March 25, 2013 (by 11:59 p.m. C.T.)** **(the "Filing Deadline")** | Date by which claimants must file and serve new cases alleging a gallbladder injury or gallbladder disease, subject to the requirements of Sections VI and VII below, in order to be eligible for participation in the Gallbladder Resolution Program. |

| | |
|---|---|
| **March 15, 2013 to 11:59 p.m. C.T. on April 29, 2013 (the "Opt-Out Deadline")** | Window of time for individual MDL Gallbladder Plaintiffs (other than those who allege a venous or arterial thromboembolism injury) to opt out of the Gallbladder Resolution Program by submitting the "Notice of Intent to Opt Out Form."<br><br>A one-time extension of thirty (30) days to the Opt-Out Deadline may be sought from the Claims Administrator in accordance with the terms of the Agreement. |
| **March 15, 2013 to 11:59 p.m. C.T. on April 29, 2013 (the "Opt-In Deadline")** | Window of time in which MDL Gallbladder Plaintiffs who also allege a venous or arterial thromboembolism injury, Other Federal Court Gallbladder Plaintiffs, and State Court Gallbladder Plaintiffs may elect to participate in the Gallbladder Resolution Program by submitting the "Notice of Intent to Opt In Form."<br><br>An extension of thirty (30) days to the Opt-In Deadline may be sought from the Claims Administrator in accordance with the terms of the Agreement. In addition to such thirty (30) day extension for individual plaintiffs seeking such an extension, the Claims Administrator, in the Claims Administrator's discretion, may allow an additional twenty (20) days for plaintiffs to opt in to the Gallbladder Resolution Program under the terms of the Agreement. |
| **11:59 p.m. C.T. on the 30th day following the last day of the final extension of the Opt In Deadline for opting into the Gallbladder Resolution Program (the "Effective Date")** | Date by which BHCP may exercise its termination right under the Agreement. If BHCP's termination right under the Agreement expires without previously having been exercised, this date shall become the Effective Date of the Agreement. |
| **Ninety (90) days from the Effective Date (the "Claim Package Deadline")** | Window of time in which Gallbladder Resolution Program participants may submit Claim Packages seeking an award under the Gallbladder Resolution Program. |
| **Thirty (30) days after Notice sent by Claims Administrator notifying of Claims Package deficiencies (the "Cure Deadline")** | Date by which a Gallbladder Resolution Program participant must cure deficiencies in her Claims Package. A claimant may seek an extension of an additional thirty (30) days from the Claims Administrator in accordance with the terms of the Agreement. |

## V.  FORM SUBMISSION

"Notice of Intent to Opt Out Forms" and "Notice of Intent to Opt In Forms" must be submitted in one of the following ways:

1. Online at www.yazofficialsettlement.com, in accordance with instructions provided therein by the Claims Administrator;

    -or-

2. By email to all of the following:

    (a) OptInOptOutNotice@yazofficialsettlement.com (Claims Administrator)
    (b) OptInOptOutNotice@shb.com (BHCP's counsel)
    (c) YazGBClaimNotice@uselaws.com (NPC);

    -or-

3. By United States Mail or other carrier, return receipt requested, to all of the following:

| Claims Administrator: | BHCP's counsel: | NPC: |
|---|---|---|
| Yaz Settlement Claims Administrator<br>BrownGreer PLC<br>P.O. Box 85006<br>Richmond, VA 23285-5006 | Jeff Fields<br>Shook, Hardy & Bacon L.L.P.<br>2555 Grand Blvd.<br>Kansas City, MO 64108-2613 | Roger C. Denton<br>Schlichter, Bogard & Denton, LLP<br>100 South Fourth St., Ste 900<br>St. Louis, MO 63102 |

## VI.  SERVICE OF PROCESS AND ATTORNEY DECLARATIONS FOR NEW CASES FILED BETWEEN THE EXECUTION DATE OF THE AGREEMENT AND THE FILING DEADLINE

For all new cases alleging a gallbladder injury or gallbladder disease filed in this MDL No. 2100, or filed in any jurisdiction and ultimately transferred or removed to this MDL, and served on Defendant as set forth below, between March 15, 2013 (the Execution Date of the Agreement) and 11:59 p.m. on March 25, 2013 (the Filing Deadline), unless such Plaintiff submits a "Notice of Intent to Opt Out Form" as detailed above, such Complaints must be accompanied by a declaration, in a form substantially similar to the form attached as Exhibit D

(Appendix G) to this Order and available at http://www.ilsd.uscourts.gov/mdl/mdl2100.aspx, from the attorney or attorneys filing the Complaint, affirming that such Plaintiff had signed a retainer agreement with that attorney or his or her law firm prior to March 15, 2013.

In order to be eligible for participation in the Gallbladder Resolution Program, service upon BHCP of such new Complaints alleging a gallbladder injury or gallbladder disease filed in this MDL No. 2100 between March 15, 2013 and the Filing Deadline, or filed in any jurisdiction between March 15, 2013 and the Filing Deadline and ultimately transferred or removed to this MDL, must be made on or before the Filing Deadline by one of the following methods:

1. By email to ServeBayer@shb.com; or

2. By United States Mail or other carrier, post-marked on or before the Notice Deadline as set forth above, return receipt requested, to the following:

    Douglas Beck
    Shook, Hardy & Bacon L.L.P.
    2555 Grand Blvd.
    Kansas City, Missouri 64108-2613

For purposes of participation in the Gallbladder Resolution Program no other service is necessary, and Plaintiffs need not name, and may not serve, any entity other than BHCP in accordance with the procedures specified in this Section.

### VII. SERVICE OF COMPLAINTS FILED BEFORE THE EXECUTION DATE OF THE AGREEMENT BUT NOT SERVED BY THE DATE OF THIS ORDER

So that the parties, and this Court, can have an accurate census of the cases in this litigation, if a case alleging gallbladder disease and/or gallbladder injury, either alone or in combination with another injury (unless that injury is an arterial thromboembolism or venous thromboembolism), has been filed in this Court and has not yet been served on the Defendant ("Filed But Unserved Cases"), Counsel of Record for that case shall serve the case on BHCP within ten (10) days of the entry of this Order (by March 25, 2013) in accordance with the

- 8 -

service procedures set forth above in Section VI.   All Filed But Unserved Cases shall be subject to a motion to dismiss with prejudice for failure to comply with this Order if not timely served, and will thereupon be dismissed with prejudice unless counsel can demonstrate good reason for noncompliance with this Order.  For cases alleging all other injuries, the existing service of process procedures specified in CMO 9, as amended, shall apply.

### VIII.   APPOINTMENT OF SPECIAL MASTER

The Court, by this Order, appoints Professor Stephen Saltzburg as Special Master to hear motions to dismiss claims that fail to comply with the terms of the Agreement, and to recommend to this Court rulings on such motions, as specified in the Agreement.

**SO ORDERED:**

Digitally signed by
David R. Herndon
Date: 2013.03.15
14:27:37 -05'00'

Date: March 15, 2013

Honorable David R. Herndon
Chief Judge, United States District Court