UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

----------------------------------------------------------- X

IN RE YASMIN AND YAZ (DROSPIRENONE)    3:09-md-02100-DRH-PMF
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION    MDL No. 2100

-----------------------------------------------------------

   **Judge David R. Herndon**

This Order Relates to:

*Courtney C. Blasius v. Bayer HealthCare Pharmaceuticals Inc., et al.,* No. 3:10-cv-10797-DRH-PMF

*Carleton Evans, et al. v. Bayer HealthCare Pharmaceuticals Inc., et al.,* No. 3:10-cv-11481-DRH-PMF

**HERNDON, District Judge:**

## ORDER

A dispute has arisen between the parties regarding the requirements under CMO 83, Section III(5).[1] Under Section III.4, case-specific fact discovery concluded September 22, 2016, or 150 days after CMO 83's Effective Date. Under Section III.5, "[p]laintiffs' additional case-specific expert reports . . . , if any, shall be served no later than 30 days after the conclusion of case-specific fact discovery." This put the deadline for any additional case-specific expert reports on Monday, October 24, 2016.

---

[1] The parties briefed the dispute by submitting letter briefs to the Court. The letter briefs, but not the exhibits thereto, are attached to this order as Exhibits A and B.

Bayer understands the October 24, 2016 deadline to apply to all of plaintiffs' additional case-specific expert reports, if any. Plaintiffs understand the deadline to apply only to case-specific causation reports and have informed Bayer that they intend to serve additional expert reports on damages after remand. Bayer maintains that such post-remand expert discovery would be untimely under CMO 83 and that *all* expert discovery should be conducted before this Court in advance of any remand.

Plaintiffs urge the Court to interpret CMO 83 in the context of CMOs previously entered in this MDL. Doing so, the plaintiffs argue, demonstrates that the overall purpose of CMO 83 is to further develop fact and expert witness discovery relevant to the filing of *Daubert* and/or summary judgment motions on causation prior to remand. Additionally, plaintiffs comment that, when considering remand, the general custom is to allow further non-dispositive case specific fact discovery to occur after remand.

The Court agrees that customarily case-specific discovery is accomplished following remand. However, that custom generally includes *all* case-specific discovery not just damages or a portion of damages. Obviously, this is not what was contemplated by CMO 83. Further, CMO 83 should not be interpreted in the context of previous CMOs. Rather, CMO 83, an agreed to order of the parties adopted by the Court, must be viewed in the context of the parties' mutual agreement that this Court preside over the case-specific discovery. The Court and the parties agreed to proceed in this manner in order to ensure that when a case

is remanded, it is remanded ready for trial. The plain language of CMO 83 memorializes this goal and bellies the plaintiffs' claims to the contrary: "[T]his Order establishes a schedule for the efficient progress of those cases to be prepared for trial. All such work-up shall be conducted before this Court prior to the Court entertaining any motion for remand."

The Court further notes that CMO 83 provides a path for relief from its strict application. *See* CMO 83 Section III.11. It does not appear that the plaintiffs have utilized this procedure.

Accordingly, the Court finds that Bayer's interpretation of CMO 83 is the correct one: Under CMO 83 *all* expert discovery should be conducted before this Court in advance of any remand.

**IT IS SO ORDERED.**

**Signed this 23rd day of November, 2016.**

Judge Herndon
2016.11.23
09:25:11 -06'00'

**United States District Judge**